FILED

2003 NOV 20  A 9:47

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BETH L. LENOBLE, | : | DOCKET NO. 02-CV-1673 (DJS) |
| Plaintiff, | : | |
| V. | : | |
| BEST TEMPS, INC., PHOTOS TEMPS, INC., and ROBERT J. ROSA, | : : | |
| Defendants. | : | November 19, 2003 |

**AFFIDAVIT OF PLAINTIFF'S
COUNSEL IN SUPPORT OF MOTION TO
RECONSIDER AND FOR EXTENSION OF TIME**

Now Comes WILLIAM B. BARNES, who having first being duly sworn, does hereby depose and say:

1. I am over the age of eighteen years and understand the obligation of a an oath.

2. I am an attorney admitted to practice in the State of Connecticut and before this court. I was admitted to the Connecticut bar in 1979, to the bar of this court in 1980, to the bar of the Second Circuit Court of Appeals in 1983 and to the United States Supreme Court bar in 1991. I have twenty-three years of experience in federal litigation.

3. I represent the plaintiff herein. I am familiar with the facts and circumstances of this case.

4. Rosenstein & Barnes is a small law office consisting of two attorneys, a full time secretary, a clerk working thirty hours a week and a part time IT manager.

5. This affidavit is made in support of Plaintiff's motion to reconsider the order of this court limiting the previous extension of time to reply to the motion for summary judgment of Defendant Photos Temps, Inc., to Nov. 21, 2003 and to extend the time for reply to Jan. 9, 2004.

6. On Nov. 19, 2003 the I attempted to contact counsel for Defendants, Atty. Giovanna Weller, by telephone to ascertain her views on this motion. Ms. Weller was out and according to her voice mail message not due to return until Nov. 20, 2003. I therefore does not know the position of Defendants on this motion to reconsider and extend time. I believes that Atty. Weller will not object because Defendants have not previously objected to any extension of time.

7. The memorandum and Local Civ. R. 56(a)1 statement in support of Photos Temps, Inc.'s motion for summary judgment consists of 52 pages and seven exhibits totaling 326 pages of

affidavits and other materials.  I have already spent substantial time reviewing this record and preparing a response, but, for the reasons set forth herein, more time is required.

8.   Due to unanticipated circumstances beyond my control, further described below, I have a large amount of other work to accomplish during the period in which I would have to prepare the summary judgment response in this case.  Specifically, I must file a response to a motion for partial summary judgment in a Title VII case in this court on Nov. 24, 2003.  Another response to a motion in for summary judgment in a Title VII case in this court is due Nov. 28, 2003.  I am involved in active discovery in several large cases, including a multi-plaintiff ERISA denial of benefits case pending before Judge Goettel with a December discovery cutoff date.  I am scheduled to begin a trial on breach of contract and civil rights claims in the New Haven Superior Court in January, 2004, and a sexual harassment trial in Bridgeport Superior Court in early March, 2004.

9.   Plaintiff resides in Long Island, New York.  Plaintiff has a painful and disabling condition (fibromyalgia) and does not work.  Plaintiff's condition, and the strong pain medication she takes for it, prevents her from driving very often or for any

distance. Plaintiff must be driven to appointments by her partner, who is employed full time. As a result I see the Plaintiff infrequently and then only on weekends.

10. The ability of my office to meet court deadlines, process work in a normal manner, and retrieve information about court matters, was disrupted due to circumstances which were not only beyond my control, but the full dimensions of which were unknown to me until after Oct. 1, 2003.

11. In the summer of 2003 I realized that one of my long time employees had just stopped working. She did not perform the tasks assigned to her and took excessive personal time. She left the office early and even failed to show up for work altogether. This individual had worked for me for almost ten years. She had never acted like this before. I spent July, August and September trying to improve the situation and get the employee back on track. I did not want to let her go. Unfortunately nothing worked. We separated the employee at the beginning of October, 2003.

12. After this employee was separated my partner and I discovered serious problems in the office. Court calendars were missing. The paper office calendar was out of date. Important

documents had not been filed or had been placed in the wrong files. Important dates, such as court appearances, deadlines, statutes of limitations and the like, had either not been entered into the computerized calendar system or had been entered under the wrong dates. Worst of all, many files generated or used by my former employee had been deleted from the office network server and the server itself was not functioning properly.

13. My partner and I replaced our former employee as soon as possible but for approximately two weeks I had no assistance. The new employee arrived Oct. 13, 2003. She has over twenty years experience in the legal field. She is working hard but is not yet fully familiar with my office and my files. To help this employee we have had the IT manager work extra hours. We have also hired a file clerk with years of law office experience, hired a law office computer consultant, replaced the computerized calendar program in use with a better one, and paid to have the data in the old system transferred and updated. The file clerk and the new employee have spent a large part of every day since Oct. 13, 2003, cleaning and reorganizing the office.

14. Rosenstein & Barnes handles primarily employment litigation, civil rights, and domestic and family matters. The

firm's two attorneys are specialists. My litigation case load consists of thirty matters, all civil rights and employment related with the exception of a few pieces of commercial, insurance and securities litigation. All are active and contested. My cases involve research in employment law, civil rights law, pension and benefits law, covenants not to compete, trade secret law, insurance law and securities law.

15. The underlying problem with workflow in our office has been identified and resolved, but notwithstanding it will take a reasonable amount of time to get my pending cases back on schedule.

16. Despite diligent efforts it is simply not possible for me to prepare and file a proper response to Defendant's motion for summary judgment before Jan. 9, 2004. This should be the last extension requested.

18. No disrespect for this court or its rulings, deadlines or authority, is intended. No harm will be done to any party by the extension, which will assist the court in determining the motion on its merits.

_____
WILLIAM B. BARNES

STATE OF CONNECTICUT   )
                       )   COUNTY OF FAIRFIELD
TOWN OF FAIRFIELD      )

    Now comes WILLIAM B. BARNES, known or satisfactorily proven, and subscribed and swore to the truth of the foregoing before me as his free act and deed for the purposes therein contained.

_____
DIANE E. LALLY
Notary Public
My commission expires: 12/31/03