UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BETH L. LENOBLE, | : | DN. 02-CV-1673 (DJS) |
| *Plaintiff*, | : | |
| V. | : | |
| BEST TEMPS, INC., PHOTOS TEMPS, INC., and ROBERT J. ROSA, | : : : | |
| *Defendants*. | : | November 20, 2003 |

### PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT

Plaintiff Beth L. Lenoble, the party opposing the motion for summary judgment filed by Defendant Photos Temps, Inc. ("Photos Temps"), submits the following statement pursuant to Local Civ. R. 56(a)2. Part I below states in separately numbered paragraphs corresponding to the paragraphs contained in Defendant Photos Temps's Local Rule 56(a)1 Statement whether each of the facts asserted by Defendant Photos Temps is admitted or denied. Part II below states in separately numbered paragraphs each issue of material fact as to which it is contended that there is a genuine issue to be tried.

## I.   THE PARAGRAPHS CONTAINED IN DEFENDANT
##      PHOTOS TEMPS'S LOCAL RULE 56(a)1 STATEMENT

### A.   Best Temps, Inc.

1.   On or about September 28,1995, Robert Rosa formed and incorporated Best Temps, Inc. ("Best Temps"), a Connecticut corporation with its principal place of business in Monroe, Connecticut. (Affidavit of Robert J. Rosa ("Rosa Aff."), ¶ 3).

Admitted.

2.   Mr. Rosa was and is the president and treasurer of Best Temps (Rosa Aff., ¶ 4).

Admitted.

3.   Best Temps is a temporary employment agency that recruits and provides temporary personnel to employers (Rosa Aff., ¶ 5).

Admitted.

4.   Mr. Rosa alone is responsible for the day-to-day operations of Best Temps (Rosa Aff., ¶ 19).

Denied (See Plaintiff's Responses, dated Oct. 2, 2003, 2003, to Defendants' First Set of Discovery Requests (hereinafter "Pl. 2d Responses"), at Int. 5.  An affidavit of William B. Barnes, Esq., verifying documents is attached as Ex. 1 hereto.  A

true and accurate copy of Pl. 2d Responses, at Int. 5, is at-
tached as Ex. 2).

5.    Best Temps shares its knowledge with other employment
agencies through a licensing arrangement.  This knowledge in-
cludes systems for screening, testing and training sales people
and temporary personnel, the matching of skills of such people
and temporary personnel to specific assignments (collectively
referred to as "know-how"), and the rights to use the trade name
of Best Temps (Rosa Aff., ¶ 5).

Admitted.  The implication that this description is compre-
hensive is denied (Pl. 2d Responses, at Int. 5).

6.    One licensee is Photos Temps, Inc., d/b/a Best Temps,
Inc. (Rosa Aff., ¶ 5).

Admitted.  The implication that the sole relationship
between Defendant Best Temps and Defendant Photos Temps is that
of licensor/licensee is, however, denied. Pl. 2d Responses, at
Int. 5).

**B.    Photos Temps, Inc.**

7.    On or about March 20,1996, Richard Photos formed and
incorporated Photos Temps, a Connecticut corporation with its

3

principal place of business in Milford, Connecticut. (Affidavit of Richard Photos ("Photos Aff."), ¶ 3).

Admitted except for the claim that the corporation's principal place of business is in Milford, Connecticut. It is in Bristol, Connecticut (See Dunn & Bradstreet Report ("D & B"), a true and accurate copy of which is attached as Ex. 6).

8. Photos Temps is an independently owned and operated business. Mr. Photos is responsible for the day-to-day operations of Photos Temps. (Photos Aff., ¶ 8).

Denied (Pl. 2d Responses, at Int. 5).

9. Mr. Photos was and is the president and treasurer of Photos Temps. (Photos Aff., ¶ 4 ).

Admitted.

10. Photos Temps is a temporary employment agency that recruits and provides temporary personnel to employers pursuant to a License Agreement with Best Temps, Inc. (Photos Aff., ¶ 5).

Admitted that "Photos Temps is a temporary employment agency that recruits and provides temporary personnel to employers." Denied that it does so pursuant solely pursuant to a license agreement (Pl. 2d Responses, at Int. 5).

4

C.   **License Agreement between Best**
     **Temps, Inc. and Photos Temps, Inc.**

11.   Best Temps as licensor, and Photos Temps, Inc. as licensee, entered into a License Agreement (the "License Agreement") on or about February 22,1996. (Rosa Aff., ¶ 6, Ex. A; Photos Aff., ¶ 6, Ex. A; Affidavit of Richard Preminger, Esq. ("Preminger Aff."), ¶ 5, Ex.1).

Admitted.  The implication that the relationship between the Defendants was entirely defined and circumscribed by the License Agreement is, however, denied (Pl. 2d Responses, at Int. 5).

12.   In the License Agreement, Best Temps granted to Photos Temps a non-exclusive license for and to Best Temps' trade name, symbols, logos, methods and systems of operation for specific use by Photos Temps in the operation of a temporary employment agency. (Rosa Aff., ¶ 6, Ex. A; Photos Aff., ¶ 6, Ex. A; Preminger Aff., ¶ 5, Ex.1).

Admitted.  The implication that the relationship between the Defendants was entirely defined and circumscribed by these terms of the License Agreement is, however, denied (Pl. 2d Responses, at Int. 5).

5

13.   In Paragraph 1(c) of the License Agreement, Photos
Temps agreed that it shall not employ the trade name Best Temps
in the "signing of any contract, check, purchase agreement,
negotiable instrument, legal obligation, application for any
license or permit, or in any manner that may result in the
liability of licensor for any indebtedness or obligation of
licensee." (Rosa Aff., ¶ 6, Ex. A; Photos Aff., ¶ 6, Ex. A;
Preminger Aff., ¶ 5, Ex. 1 ).

Admitted.   The implication that the relationship between the
Defendants was defined and circumscribed by these terms in the
License Agreement is, however, denied (Pl. 2d Responses, at Int.
5).

14.   In exchange for the know-how and use of trade name of
Best Temps, Photos Temps agreed to pay, and does pay, a royalty
to Best Temps as specified in Paragraph 13 of the License Agree-
ment (Rosa Aff., ¶ 7, Ex. A; Photos Aff., ¶ 7, Ex. A).

Admitted.   The implication that the relationship between the
Defendants was entirely defined and circumscribed by these terms
of the License Agreement is, however, denied (Pl. 2d Responses,
at Int. 5).

6

15.    The License Agreement further provides that Photos Temps "is and shall be considered independent of Best Temps and Photos Temps" and "shall have independent control and direction of its business operations, subject only to the conditions and obligations established by this Agreement." (Rosa Aff., ¶ 10; Ex. A, ¶ 22; Photos Aff. ¶ 10, Ex. A, ¶ 22; Preminger Aff., ¶ 6, Ex.1, ¶ 22).

Admitted.  The implication that the relationship between the Defendants was entirely defined and circumscribed by the License Agreement is, however, denied (Pl. 2d Responses, at Int. 5).

16.    Additionally, Paragraph 22 of the License Agreement expressly states in relevant part:

> Licensee is and shall be considered independent of Licensor and Licensee shall have independent control and direction of its business operations, subject only to the conditions and obligations established by this Agreement. This Agreement does not in any way create the relationship of a joint venture, partnership or principal and agent between Licensor and Licensee. Licensee shall not act or attempt to act or represent itself directly, or by implication, as agent for Licensor or in any manner assume or create or attempt to assume or create any obligation on behalf of or in the name of Licensor, nor shall Licensee act or represent itself as an affiliate of any other License or sub-license holder of Licensor. Licensee is an independent contractor and is solely responsible for any loss or damage arising out of or in connection with the opera-

7

tion of its business and for all claims and demands
arising therefrom.

(Rosa Aff., ¶ 11, Ex. A; Photos Aff., ¶ 11, Ex. A).

Admitted. The implication that the relationship between the

Defendants was entirely defined and circumscribed by the License

Agreement is, however, denied (Pl. 2d Responses, at Int. 5).

17. Paragraph 26 of the License Agreement states that "This

Agreement contains the entire understanding of the parties hereto

with respect to the subject matter herein contained, and all pre-

existing agreements between the parties hereto shall become a

part of and are hereby merged into this Agreement" (Rosa Aff.,

Ex. A; Photos Aff., Ex. A).

Admitted.

### D. Limits of the Relationship Between Best Temps, Inc. and Photos Temps, Inc.

18. The contractual relationship between Best Temps and

Photos Temps consists of the License Agreement, a security

agreement and a revolving loan agreement (Rosa Aff., ¶ 17; Photos

Aff., ¶ 17).

Admitted that these are the contract documents. The impli-

cation that the relationship between the Defendants was entirely

defined and circumscribed by those documents is, however, denied
(Pl. 2d Responses, at Int. 5).

19.  As licensor/licensee, Best Temps and Photos Temps work
closely together, but as separate legal entities (Rosa Aff., ¶
20; Photos Aff., ¶ 20).

Admitted that these Defendants are separate legal entitles
for some purposes.  Defied that they are separate entities for
the purposes of this particular lawsuit (Pl. 2d Responses, at
Int. 5; Exs. 3-6 hereto).

20.  All of Best Temps licensees, including Photos Temps are
independently owned and operated businesses (Rosa Aff., ¶ 8;
Photos Aff., ¶ 8).

Plaintiff neither admits nor denies the independence of
other licensees.  She denies that Photos Temps was operated as an
independent business (Pl. 2d Responses, at Int. 5; Exs. 3-6
hereto).

21.  Best Temps does not have control over the day-to-day
operations of any licensee, including Photos Temps other than
conditions and obligations established in the Licensing Agree-
ment. (Rosa Aff., ¶ 8; Preminger Aff., ¶ 5; Photos Aff., ¶ 8).

9

Plaintiff neither admits nor denies the degree of control exerted by Defendants Rosa and Best Temps over the day-to-day operations of licensees other than Photos Temps, or the sources of that control. Plaintiff denies that Photos Temps was operated as an independent business, and that the powers granted Best Temps stated in the Licensing Agreement were the only powers exercised by Defendants Rosa and Best Temps over Photos Temps (Pl. 2d Responses, at Int. 5; Exs. 3-6 hereto).

22. Mr. Rosa does not have any ownership interest in Photos Temps. Neither Mr. Rosa nor any employee of Best Temps is an officer, director, or shareholder of Photos Temps. Similarly, no employee of Photos Temps has any ownership interest in Best Temps or is a Best Temps officer, director or shareholder. (Rosa Aff., ¶ 9; Photos Aff., ¶ 9; Preminger Aff., ¶¶ 4,7).

Denied. The construction of this statement depends upon the meaning of the term "ownership interest." Defendant Rosa was partners with Richard Photos in Photos Temps. This gave Defendant Rosa an ownership interest in Photos Temps (Pl. 2d Responses, at Int. 5, Exs. 3-6 hereto).

23. Best Temps and Photos Temps did not intend to form a joint venture, joint enterprise, partnership or principal and

10

agent relationship, and have never conducted business activities
as a joint venture, joint enterprise, partnership and/or princi-
pal and agent relationship (Rosa Aff., ¶ 12; Photos Aff., ¶ 12;
Preminger Aff., ¶ 6; Affidavit of Stephen Cohen, CPA, ("Cohen
Aff."), ¶ 15).

Plaintiff neither admits or denies the intent of Photos
Temps or Best Temps.  These Defendants have jointly conducted
business (Pl. 2d Responses, at Int. 5).

24.  Best Temps and Photos Temps have not associated to
carry on as co-owners of any business for profit (Rosa Aff., ¶
13; Photos Aff., ¶ 13; Cohen Aff., ¶ 16).

Denied (Pl. 2d Responses, at Int. 5).

25.  Best Temps has never represented or held itself out to
be an agent, principal, or partner of Photos Temps for any
purpose whatsoever, nor is Best Temps authorized to assume or
create any obligation in the name of Photos Temps (Rosa Aff., ¶
16).

The construction of this statement depends on the meaning of
"represented or held itself out to be" and "agent, principal or
partner."   Defendants Photos Temps and Best Temps did business

11

together as a unit (Pl. 2d Responses, at Int. 5 & Exs. 3-6 hereto).

26.   Photos Temps does not, and never has, earned any interest in or received any income earned by Best Temps (Rosa Aff., ¶ 14; Photos Aff., ¶ 14).

Denied.   Defendants Rosa and Best Temps gave Defendant Photos Temps business.   The income was therefore divided (Pl. 2d Responses, at Int. 5).

27.   Photos Temps does not manage or direct any of Best Temps' business activity (Rosa Aff., ¶ 15; Photos Aff., ¶ 15).

Denied (Pl. 2d Responses, at Int. 5).

28.   Photos Temps has never represented or held itself out to be an agent, principal, or partner of Best Temps for any purpose whatsoever, nor is Photos Temps authorized to assume or create any obligation in the name of Best Temps (Photos Aff., ¶ 16).

The construction of this statement depends on the meaning of "represented or held itself out to be" and "agent, principal or partner."   Defendants Photos Temps and Best Temps did business together as a unit (Pl. 2d Responses, at Int. 5 and Exs. 3-6 hereto).

12

29. Best Temps and Photos Temps maintain separate insurance, including workers' compensation insurance (Rosa Aff., ¶ 18, Ex. B; Photos Aff., ¶ 18, Ex. B).

Admitted.

30. Best Temps and Photos Temps maintain separate books and records, including payroll, payables, receivables, checking accounts, contracts and purchasing orders (Rosa Aff., ¶ 19; Photos Aff., ¶ 19; Cohen Aff., ¶ 10-12, 14 ).

Denied (Pl. 2d Responses, at Int. 5 and Exs. 3-6 hereto).

31. When accounting work is performed for Best Temps or Photos Temps [,] work performed for each company is separately recorded (Cohen Aff., ¶ 9).

Plaintiff can neither admit nor deny this statement.

32. Best Temps and Photos Temps maintain separate bank accounts and payrolls. Best Temps and Photos Temps file taxes separately. Best Temps and Photos Temps do not commingle accounts receivable, inventories or credit lines (Cohen Aff., ¶¶ 11-14).

Admitted that the bank accounts and payrolls are nominally separate. The funds in them are, however, commingled. Similarly, Best Temps and Photos Temps maintain nominally separate

13

accounts receivable, inventories and credit lines, but since Richard Photos and Defendant Rosa operate these companies to-gether, the separation is merely nominal (Pl. 2d Responses, at Int. 5 and Exs. 3-6 hereto).

33. No employee of Photos Temps including Mr. Photos, hires, supervises, compensates, disciplines or fires any employee of Best Temps, including the plaintiff, Beth Lenoble (Rosa Aff., ¶ 21; Photos Aff., ¶ 21).

Denied (Pl. 2d Responses, at Int. 5 and Exs. 3-6 hereto).

34. Mr. Rosa alone is responsible for all hiring, supervis-ing, disciplining and firing of all Best Temps employees, includ-ing the plaintiff (Rosa Aff., ¶ 22).

Denied (Pl. 2d Responses, at Int. 5).

35. At no time during the plaintiff's employment with Best Temps did Best Temps and Photos Temps share office space (Rosa Aff., ¶ 23; Photos Aff., ¶ 22).

Denied. While Defendants Photos Temps and Best Temps may not have formally shared space, persons employed to do work for both companies, such as Anthony Osias, shared the same space (Pl. 2d Responses, at Int. 5 and Exs. 3-6 hereto).

14

36. At no time did Mr. Rosa or Mr. Photos contact or authorize anyone to contact Dun & Bradstreet to provide any information concerning Best Temps or Photos Temps (Rosa Aff., ¶ 28; Photos Aff., ¶ 24).

Denied. If they did not do so, how could D & B have an entry on Best Temps or Photos Temps?

37. Best Temps and Photos Temps maintain separate bylaws (Rosa Aff., ¶ 29; Photos Aff., ¶ 25).

Plaintiff can neither admit nor deny this statement.

38. Best Temps and Photos Temps maintain separate budgets (Rosa Aff., ¶ 30; Photos Aff., ¶ 26).

Admitted that the budget documents may be separate, but since Richard Photos and Defendant Rosa operate the companies together, the separation is merely nominal (Pl. 2d Responses, at Int. 5).

39. Upon information and belief, the Connecticut Department of Banking considers Best Temps to be a franchisor (Rosa Aff., ¶ 31; Photos Aff., ¶ 27).

The views of the Department of Banking on Best Temp's status are not legally relevant. Defendant Photos Temps has not sup-

15

41. Mr. Rosa alone made the decision to hire the plaintiff (Rosa Aff., ¶ 24; Photos Aff. ¶ 21).

Plaintiff can neither admit nor deny this statement.

42. Mr. Rosa was the plaintiff's only supervisor during her employment with Best Temps and she worked exclusively under Mr. Rosa's direction. Further, Mr. Rosa established all of the plaintiff's work assignments at Best Temps (Rosa Aff., ¶ 22, 25).

The response to this statement depends on the meaning of the phrase "only supervisor." Plaintiff admits that Defendant Rosa was her only regular supervisor. There were occasions, however, when Richard Photos assumed the authority to reprimand her and did reprimand her, something which he could not have done if he truly had no connection to Best Temps (Pl. 2d Responses, at Int. 5).

43. During the course of the plaintiff's employment at Best Temps, Mr. Rosa informed her as to which companies she should be associating [sic]. Plaintiff's CHRO Compl., ¶ 80.

Admitted. Plaintiff also received information on this subject, however, from Mr. Photos, at least one other Photos Temps employee and an employee of Best Temps (Pl. 2d Responses, at Int. 5).

17

44. Photos Temps never employed the plaintiff. In addition, the plaintiff was never supervised, disciplined or compensated by Photos Temps (Rosa Aff., ¶ 26; Photos Aff., ¶ 21).

Whether "Photos Temps ... employed the plaintiff" depends on the legal meaning of "employed" in the context of Plaintiff's claims in this case. Plaintiff denies that she was "never supervised [or] disciplined" by Photos Temps" (Pl. 2d Responses, at Int. 5). Plaintiff does not know to what degree her compensation came from Defendant Photos Temps.

45. On July 11, 2002, the plaintiff left her employment and did not return to work (Rosa Aff., ¶ 27). Richard Photos was not present on the plaintiff's last day of work (Id.; Photos Aff., ¶ 23).

Admitted.

## II.   ISSUES OF MATERIAL FACT AS TO WHICH PLAINTIFF CONTENDS THAT THERE IS A GENUINE ISSUE TO BE TRIED

The following facts are only those material to the motion for summary judgment. Other facts are material to the case as a whole.

1.   Whether Defendant Photos Temps, through Richard Photos' working relationship with Defendant Rosa, exercised a significant

18

plied the records.   In any case the records would speak for themselves.

### E.   **Plaintiff's Employment at Best Temps, Inc.**

40.   On April 22, 2002, Mr. Rosa hired the plaintiff as a recruiter for Best Temps (Plaintiff's Compl., ¶ 17; Rosa Aff. ¶ 24).

Admitted that Defendant Rosa was the one who hired Plaintiff.   See Plaintiff's First Amended Complaint, ¶ 17.   Plaintiff stated, however, that Defendant Rosa hired her to work in the Monroe office "of defendants."   Id.   Denied that Plaintiff ever admitted that Defendant Rosa hired Plaintiff to work solely for Defendant Best Temps.   Plaintiff alleged in ¶ 12 of the First Amended Complaint that Richard Photos and Defendant Rosa were partners in operation of Defendants Best Temps and Photos Temps and acted as agents of each other and their companies.   Plaintiff alleged in ¶ 13 that Defendants Photos Temps and Best Temps shared policies, procedures, financing and management and as a result were a single integrated enterprise.   Plaintiff further contends that she was instructed by Defendant Rosa to handle accounts which belonged to Defendant Photos Temps (Pl. 2d Responses, at Int. 5).

16

degree of control over the terms and conditions of Plaintiff's employment (Pl. 2d Resp., at Int. 5 and Exs. 3-6).

2.   Whether Defendant Photos Temps and Defendant Best Temps had an integrated economic relationship and exercised common control over employment practices that affected Plaintiff (Pl. 2d Resp., at Int. 5 and Exs. 3-6).

3.   Whether Defendant Photos Temps and Defendant Best Temps actually had the relationship set forth in their licencing documents (Pl. 2d Resp., at Int. 5 and Exs. 3-6).

4.   Whether Defendant Photos Temps and Defendant Best Temps intended to have an agency relationship (Pl. 2d Resp., at Int. 5 and Exs. 3-6).

5.   Whether Defendant Photos Temps and Defendant Best Temps intended to have a joint venture relationship (Pl. 2d Resp., at Int. 5 and Exs. 3-6).

6.   Whether Defendant Photos Temps and Defendant Best Temps intended to have an partnership relationship (Pl. 2d Resp., at Int. 5 and Exs. 3-6).

19

THE PLAINTIFF
BETH L. LENOBLE


BY: _____

WILLIAM B. BARNES, ESQ.
     (CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432
Tel (203) 367-7922
Fax (203) 367-8110
E-mail wbarnes@rosenbar.com

## CERTIFICATION

A copy of the foregoing was mailed first class mail, postage prepaid, on November 21, 2003, to the following persons:

Giovanna T. Weller, Esq.
Carmody & Torrance, LLC
50 Leavenworth St.
Waterbury, CT 06721


_____

WILLIAM B. BARNES, ESQ.

20