UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN -9 P 4: 17
DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| BETH LENOBLE | : | DOCKET NO. 02-CV-1673 (DJS) |
| V. | : | |
| BEST TEMPS, INC., PHOTOS TEMPS INC., and ROBERT J. ROSA | : | January 9, 2004 |

### REPLY MEMORANDUM IN SUPPORT OF PHOTOS TEMPS INC. MOTION FOR SUMMARY JUDGMENT

The plaintiff, Beth LeNoble, attempts to avoid summary judgment by offering this Court speculation, conjecture and purported "facts" that amount to no more than inadmissible hearsay or self-serving conclusions. She has failed to offer any credible, admissible evidence that comports with the requirements of Federal Rule of Civil Procedure 56(e). There is no genuine issue of any material fact that would confer any liability on the defendant, Photos Temps Inc., and, accordingly, it is entitled to summary judgment.

**I.  Plaintiff's Rule 56(e)(2) Statement Does Not Raise Disputed Issues Of Material Facts.**

The plaintiff admits to many of the undisputed facts in her Rule 56(e)(2) Statement. Indeed, she admits to the corporate formation of each company; Rule 56(e)(2) at ¶¶1 and 7; she admits that Best Temps shares its knowledge with Photos Temps through a licensing arrangement and in exchange for a royalty; Rule 56(e)(2) at ¶¶5–6, 11, 14; she admits to the terms and conditions of the License Agreement and the understanding of the parties thereto; Rule 56(e)(2) at ¶¶11-17; she admits that Best Temps and Photos Temps are separate legal entities "for some purposes"; Rule 56(e)(2) at ¶19; she admits that the companies maintain separate insurance, including

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

workers' compensation insurance; Rule 56(e)(2) at ¶29; and she admits that the companies maintain separate budgets; Rule 56(e)(2) at ¶38. With respect to her employment, she admits that Mr. Rosa hired her; Rule 56(e)(2) at ¶40; and she admits that he was her only "regular" supervisor; Rule 56(e)(2) at ¶42.

As to the remaining undisputed facts, the plaintiff either fails to admit or deny a particular fact; Rule 56(e)(2) at ¶¶20, 21 and 23; or she admits to the "fact," but denies any implication logically derived from the fact; Rule 56(e)(2) at ¶5, 6, 11 – 16 and 18; or she attempts to avoid an admission altogether by engaging in an overly technical dissection of a term in the undisputed fact; Rule 56(e)(2) at ¶¶ 22, 25, 28, 42 and 44. As for the plaintiff's outright denials, they are unsupported by any admissible evidence. As such, the plaintiff has failed to raise a genuine issue of material fact to defeat summary judgment.

## II. The Plaintiff's Affidavit, Documents and "Facts" Fall Far Short Of Meeting The Requirements Of The Federal Rules; Therefore, They Are Insufficient To Defeat A Motion For Summary Judgment.

In opposing summary judgment, the plaintiff offers only the affidavit of her attorney and several documents attached thereto. As will be discussed below, the affidavit is inadmissible because it is not based on the attorney's personal knowledge and, on that ground alone, the affidavit and its accompanying documents are insufficient to defeat a properly supported motion for summary judgment. Additionally, the documents themselves are not authenticated, are plagued by multiple hearsay issues and would be inadmissible at trial. For these reasons, the Court cannot rely upon the affidavit or the documents.

CARMODY & TORRANCE LLP
{W4282026}at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

### A. The Court Must Disregard The Contents Of The Affidavit Because The Affiant Is Not Competent To Testify To Matters Stated Therein.

The plaintiff cannot rely upon the affidavit of her attorney, William B. Barnes (the "Barnes Affidavit") because Attorney Barnes is not competent to testify to the matters stated therein, and the contents of the affidavit would not be admissible at trial. Rule 56(e) of the Federal Rules of Civil Procedure requires that an affidavit in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). When adjudicating motions for summary judgment, the Court may consider only evidence that would be admissible at trial. Samuels v. Doctors Hosp., Inc., 588 F.2d 485, 486 n. 2 (5th Cir. 1979). Hearsay, conclusory allegations, legal arguments, and statements not based upon personal knowledge must be stricken. See Sellers v. M. C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988) (lack of personal knowledge); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986) (conclusory allegations and legal arguments).

The Court must disregard paragraphs 3 through 6 of the Barnes Affidavit because those paragraphs contain conclusory statements about the accuracy and authenticity of certain police reports, statements to the police, and a Dunn & Bradstreet Report that the plaintiff asks the Court to rely upon as substantive evidence. In paragraphs 3, 4, and 5 of his affidavit, Attorney Barnes states that "true and accurate" copies of three police reports and two written statements to the police, which he had obtained from the Monroe Police Department, are attached to the plaintiff's Rule 56(a)(2) Statement. Similarly, in paragraph 6 of the affidavit, Attorney Barnes

CARMODY & TORRANCE LLP
{W4282796} at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

states that the copy of a Dunn & Bradstreet Report attached to the plaintiff's Rule 56(a)(2) Statement is "true and accurate" because Attorney Barnes "obtained this report [him]self." Yet, as Attorney Barnes has not established a foundation for any of these documents, they would be hearsay if offered at trial and, as such, are not admissible for their truth. See Sellers, 842 F.2d at 643.

Additionally, because Attorney Barnes is neither the creator nor the keeper of these records, he cannot authenticate them, and, therefore, his assertions regarding their accuracy and authenticity have no value. DeLaTorre v. Town of Marlborough, 1997 WL 135899 (N.D.NY.) *5 (copy attached), citing H. Sand & Co, Inc. v. Airtemp Corporation, 934 F.2d 450, 454-55 (2d Cir. 1991) (documents submitted in opposition to summary judgment motion must be presented by one with person knowledge, must be authenticated and must be admissible). Attorney Barnes' statements in paragraphs 3 through 6 of his affidavit would be inadmissible hearsay if offered at trial, and the Court must disregard them. Accordingly, neither the documents nor the affidavit concerning these documents can be considered as any evidence in opposition to summary judgment.

With respect to paragraph 2 of the Barnes Affidavit, Attorney Barnes states that a "true and accurate copy" of the plaintiff's answer to interrogatory number five of the defendant's second set of discovery requests (the "Interrogatory Answer") is attached as Exhibit 2 to the Rule 56(e)(2) Statement. However, the plaintiff does not attach an Oath Page evidencing that the plaintiff had sworn to the Interrogatory Answer. While Photos Temps is not asserting that an executed Oath Page does not exist, the plaintiff has an obligation to attach documents in a manner that complies

with the Federal Rules. On a motion for summary judgment, Fed.R.Civ.P. 56(e) requires that "sworn copies of all papers ... referred to in an affidavit shall be attached thereto ..." Fed. R.Civ.P. 56(e); see also, DeLaTorre, 1997 WL 135899 at *4 (emphasis added). Without an executed Oath Page, the Interrogatory Answer is not "true and accurate".[1]

### B. The Documents Attached To The Barnes Affidavit Are Inadmissible And, Therefore, Cannot Be Considered On Their Merits.

In addition to the reasons stated above as to why all of the documents attached to the Barnes Affidavit are inadmissible, each document is inadmissible due to its own inherent failing(s).

#### 1. *The Police Report and Statements Are Inadmissible Hearsay.*

The plaintiff cannot rely on the police reports and statements to the police in Exhibits 3, 4, and 5 to the Rule 56(a)(2) Statement to create a genuine issue of material fact. It is well established that while portions of police reports may be admissible, statements by volunteers or bystanders are *not admissible* even though contained in a business record. This is so because it is the very duty to report in a business context that provides the reliability justifying the hearsay exception. Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984) ("except for the portion of [a] police report containing the personal observations of the police officer, none of [the] statements would [be] admissible against the [defendant] because of the hearsay

---

[1] Additionally, the plaintiff's Interrogatory Answer raises multiple hearsay problems such that, even if an Oath Page had accompanied the plaintiff's opposition, the document contains few facts based on the plaintiff's own personal knowledge and would be inadmissible and inadequate to defeat summary judgment. This will be discussed more fully in Section II B 3.

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1282726} at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200

5

rule."). In this case, however, the plaintiff has failed to lay a proper foundation for the admission of any portion of the police reports.[2]

The plaintiff appears to rely primarily on the August 9, 2002 police report. This report, however, references the ownership, location and personnel shared between Best Temps and <u>First Temps Inc.</u>, an entity that is *not* a party to this action. As such, the reference in the police report is wholly immaterial to the plaintiff's allegations and fails to create a genuine issue of material fact as to the relationship between Best Temps and Photos Temps. Second, the August 8, 2002 police report and any personal observations related therein occurred *after* the plaintiff left her employment with Best Temps. As such, the report cannot establish the terms and conditions of the plaintiff's employment or the status of the defendant companies during the course of her employment. As noted in Photos Temps' Memorandum in Support at 20, the critical question for determining whether the single employer doctrine applies is a determination of which entity made the final decisions regarding employment matters related to the person claiming discrimination. Any observations about the two companies/defendants that were made after the plaintiff's employment ended are simply immaterial and would not be admissible as evidence.

The plaintiff also inappropriately attempts to rely on statements made to the police, which, as stated above, are inadmissible hearsay even if portions of the police reports were admitted as business records. For example, the plaintiff attempts to rely upon a statement made by Christian Collins, an employee of Best Temps, and recorded in the August 9, 2002 Police Report, in which Mr. Collins "refers to Richard

---

[2] As argued above in Section II A, plaintiff's counsel is not competent to attest to whether these are true and accurate copies of the police reports and statements or to whether the reports are business records of the Monroe Police Department.

CARMODY & TORRANCE LLP  50 Leavenworth Street
{W1282706}  Attorneys at Law  Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6

Photos and defendant Rosa as 'the two owners' of the businesses and says 'the business [sic] are both run out of the same office and share the same office personnel.'" Pl. Mem. at 3. These statements, however, are inadmissible hearsay and would not be allowed as evidence at trial. See, H. Sand & Co., 934 F.2d at 454-55 (hearsay assertion that would not be admissible if testified to at trial is not proper material for a Rule 56 affidavit). In this case, the plaintiff has failed to lay a foundation for the admission of any portion of the police reports, and she cannot rely upon inadmissible hearsay in the form of statements to the police. For these additional reasons, this Court cannot consider the merits of the police reports or statements contained in plaintiff's Exhibits 3– 5.

### 2. *The Dunn & Bradstreet Report is Inadmissible.*

The Dunn & Bradstreet Report is neither sworn to by a competent person, as stated above, nor certified. "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." (Emphasis added.) Fed.R.Civ.P. 56(e); see also, DeLaTorre 1997 WL 135899 at *4. The requirement for sworn to or certified copies is more than procedural wrangling. Without a sworn or certified copy of the report, this Court cannot determine the report's propriety or integrity.

Indeed, the *only* competent, admissible evidence before this Court concerning Dunn & Bradstreet is from Robert Rosa, owner of Best Temps Inc, and Richard Photos, owner of Photos Temps Inc. Both Messrs. Rosa and Photos aver that they "at no time contacted or authorized anyone to contact Dunn & Bradstreet to provide any information concerning" Best Temps and Photos Temps, respectively. See, Affidavit

of Robert Rosa at ¶28; Affidavit of Richard Photos at ¶ 24. The plaintiff has not offered any evidence to contradict the affidavits of Photos and Rosa and has not offered any evidence to show how or why Dunn & Bradstreet prepared a report.

Interestingly, Attorney Barnes spotlighted the very problem raised by his attempt to use the report. In denying that neither Rosa nor Photos had contacted or authorized anyone to contact Dunn & Bradstreet, Attorney Barnes questioned, "If they did not do so, how could D&B have an entry on Best Temps or Photos Temps?". Rule 56(e)(2) Statement at ¶36. The only answer is that no one knows how or why Dunn & Bradstreet has an entry or made a report, and, accordingly, the Dunn & Bradstreet Report is hearsay and lacks any indicia of trustworthiness. For these additional reasons, this Court should not consider the Dunn & Bradstreet Report.

### 3. *The Plaintiff's Interrogatory Answer is Inadmissible on Several Grounds.*

The crux of the plaintiff's supposed "facts" in opposition to summary judgment is her purported Answer to Interrogatory No. 5, which is attached as Exhibit 2 the Barnes Affidavit.[3] Even if the Court agrees to review the Interrogatory Answer, it falls far short of constituting admissible evidence that would defeat summary judgment because it primarily comprises inadmissible hearsay. First, the Interrogatory Answer relies on out-of-court statements made by non-parties. For example, the plaintiff states that "[w]hile I worked for defendants *Jeff Soss told me* …"; "*Mr. Osias said* that defendant Rosa …"; "*Mr. Osias said* that defendant Rosa …" (Emphasis added.) See, Interrogatory Answer. Certainly, such hearsay is not admissible. See,

---

[3] The Interrogatory Answer is cited as factual support for virtually every denial in the Rule 56(e)(2) Statement.

CARMODY & TORRANCE LLP
{W1082786}t Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

8

Schwimmer v. Sony Corporation of America, 637 F.2d 41, 45 n. 9 (2d Cir. 1980) ("[a] hearsay affidavit is a nullity on a motion for summary judgment").

Second, the plaintiff relies in her Interrogatory Response on hearsay in the form of the police reports, the statements made to the police and the Dunn & Bradstreet Report. The documents are not admissible on their own because of the multiple evidentiary problems addressed above. As such, the contents of the inadmissible documents do not become admissible when presented in the form of the plaintiff's Interrogatory Answer. Instead, they simply accrue an additional layer of hearsay. The plaintiff has had ample opportunity to conduct discovery, to prepare affidavits of witnesses, to obtain properly authenticated documents, and to take depositions in order to obtain information in a form that is admissible on summary judgment.

Finally, the few non-hearsay statements in the Interrogatory Answer are unsupported, conclusory statements.[4] "The nonmovant cannot 'escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts,' or defeat the motion through 'mere speculation or conjecture.'" Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (*quoting* Borthwick v. First Georgetown Securities, Inc., 892 F.2d 178, 181 (2d Cir. 1989) and Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986). As such, the plaintiff has failed to present any admissible evidence that creates a genuine issue of material fact as to the liability of Photos Temps.

---

[4] For example, the plaintiff states that "[t]he companies were run together by defendant Rosa and Richard Photos"; Interrogatory Answer at p. 10; "They [Rosa and Photos] talked so often, about so many things, pertaining to both businesses, that at least while plaintiff was there she thought that they were partners. They acted like partners, although from what plaintiff could see defendant Rosa was not always straightforward with Richard Photos or fair to him." Interrogatory Answer at p. 12.

### III. Conclusion

In support of summary judgment, Photos Temps has provided affidavits from, *inter alia*, its corporate attorney and corporate accountant attesting to facts that establish that it is a business distinct from Best Temps, Inc. Additionally, Photos Temps has offered into evidence the operative licensing agreement, which the plaintiff neither admits nor denies the stated intention of Photos Temps and Best Temps to remain separate Rule 56(e)(2) Statement at ¶23. The plaintiff either admits to or cannot deny many of the undisputed facts in her Rule 56(e)(2) Statement. She has offered no genuine issues of any material facts that would warrant a trial of her claims against Photos Temps.

Photos Temps, Inc. is entitled to summary judgment. As the Second Circuit Court of Appeals stated:

> Chief Justice Warren observed that under the civil rules, a lawsuit is a search for the truth and the tools are provided for finding out the facts before the curtain goes up on the trial….the provision for summary judgment…is one of the most significant of such tools; if the rule is properly followed, a court is able to discover whether a need exists for the curtain ever rising at all.

Dressler v. The MV Sandpiper, 331 F.2d 130, 134 (2nd Cir. 1964).

For all the reasons stated in Memorandum in Support of Summary Judgment and the reasons stated above, Photos Temps respectfully asks this Court to render summary judgment on its behalf.

CARMODY & TORRANCE LLP
{W1280786} at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
10

Respectfully submitted,

THE DEFENDANT,
PHOTOSTEMPS, INC.

BY: _____
Giovanna Tiberii Weller
Federal Bar #ct11187
Carmody & Torrance LLC
P.O. Box 1110
Waterbury, CT 06721
Tel: (203) 573-1200

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Fairfield, CT 06432
203-367-7922

_____
Giovanna Tiberii Weller

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

11